Filed 10/31/25  P. v. Brown CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B343223 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA260644) |
| v. | |
| LEON MCDONALD BROWN III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Dismissed.

Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Leon McDonald Brown III appeals from an order denying his request to recall his sentence pursuant to Penal Code section 1171.[1]  Brown's appointed appellate counsel filed an amended brief identifying no issue and requesting this court follow the procedures in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Brown filed a supplemental brief requesting full resentencing pursuant to section 1172.1 (not section 1171). Because the order denying Brown's petition for resentencing is not appealable, we dismiss his appeal.

## BACKGROUND

"In 2007, jurors convicted Brown of two counts of first degree murder, two counts of willful, deliberate, and premediated attempted murder, mayhem, attempted second degree robbery, and shooting at an occupied motor vehicle.  [Citation.]  Jurors also found true the following three special circumstances with respect to both murders:  (1) Brown 'intentionally killed the victim' while he was an active participant in a criminal street gang (Pen. Code, § 190.2, subd. (a)(22)); (2) Brown was convicted of multiple murders (*id.*, subd. (a)(3)); and (3) the murders were committed while Brown was engaged in, or an accomplice was engaged in a robbery (*id.*, subd. (a)(17)).  The jury found that all of the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific

---

[1]  Undesignated statutory citations are to the Penal Code.

[2]  Appellate counsel's initial brief failed to address section 1171; instead it addressed section 1172.1.  We requested counsel file an amended brief to address section 1171, which counsel filed on October 16, 2025.  In both briefs, counsel asked us to determine appealability of the trial court's order.

intent to promote, further, or assist in criminal conduct by gang members.  [Citation.]  Jurors found that in the commission of every offense, Brown 'personally and intentionally fired a gun, causing death and great bodily injury,' personally and intentionally fired a gun, and personally used a gun.  With respect to each offense except the attempted robbery, jurors found that a principal personally and intentionally fired a gun causing death and great bodily injury, personally and intentionally fired a gun, and personally used a gun.  This court previously affirmed the judgment with minor modifications not relevant to the current appeal." (*People v. Brown* (Oct. 26, 2020, B304228) [nonpub. opn.].)

In an amended sentence, the trial court sentenced Brown to two terms of life without the possibility of parole and a consecutive 12-year determinate term.

In 2020, this court affirmed an order denying Brown's resentencing petition pursuant to former section 1170.95 (now § 1172.6.).  (*People v. Brown, supra*, B304228.)  We concluded that the "jury verdict demonstrates that Brown was the actual shooter and acted with malice."  (*Ibid*.)

On October 24, 2024, Brown filed a pro. per. petition for resentencing.  The petition was titled:  "Petition for recall and resentencing pursuant to Penal Code [section] 1171 (AB2483)." (Some capitalization omitted.)  Assembly Bill No. 2483 added section 1171.  (Stats. 2024, ch. 964, § 2, eff. Jan. 1, 2025.)  The petition provided:  "Petitioner invite[s] the Court in furtherance of justice to review Petitioner post-conviction proceeding means a proceeding to modify a sentence or conviction pursuant to an ameliorative statute; Penal Code [sections] 1170.18, 1172.1, 1172.6, 1172.7, and 1172.75."  (Boldface omitted.)  Brown made

3

no legal argument showing how any of these statutes applied to him.

The trial court did not appoint counsel for Brown and denied the petition.

## DISCUSSION

" 'The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute.' [Citation.]" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).) "[A] defendant may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) 'any order made after judgment, affecting the substantial rights of the party.' (§ 1237, subd. (b).)" (*Hodge*, at p. 992.) This appeal is not from a final judgment of conviction or an order made after the judgment affecting Brown's substantial rights.

### 1. The denial of resentencing relief under section 1171 did not affect Brown's substantial rights

Brown identifies section 1171 as the basis for his petition. Section 1171 does not itself provide resentencing relief, but instead sets forth procedures for handling postconviction matters. Section 1171, effective January 1, 2025, requires the superior court to "develop a plan for fair and efficient handling of postconviction proceedings," including but not limited to proceedings under sections 1170.18, 1172.1, 1172.6, 1172.7, and 1172.75. (§ 1171, subds. (a) & (b).) Section 1171 is not a statute providing for resentencing, but instead, a statute describing procedures for handling postconviction proceedings. Because section 1171 does not afford a defendant resentencing relief, the denial of a petition requesting resentencing pursuant to

section 1171 "does not deprive the defendant of any right, much less a substantial one." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)

## 2. The denial of relief under section 1172.1 does not affect Brown's substantial rights

Brown filed a supplemental brief arguing: (1) He was not the actual killer; (2) he was not a major participant who acted with reckless indifference to human life; (3) the trial court "emphasized Appellant's alleged gang affiliation and race"; (4) his codefendant was acquitted making it impossible for him to have acted "in concert" with the codefendant; (5) new sentencing laws indicate "his punishment is no longer in the interests of justice"; and (6) resentencing is required because the transcripts of his trial have been destroyed. Based on these arguments, Brown "requests this Court remand for full resentencing under Penal Code [section] 1172.1." Brown requests no other relief.

Assuming for argument's sake Brown had actually filed a petition pursuant to section 1172.1,[3] the denial of such a petition also is not an appealable order. Section 1172.1 authorizes recall of a criminal sentence and resentencing when requested by certain persons, but not criminal defendants. Subdivision (c) provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Appellate courts have consistently held denial of a defendant's section 1172.1 request to

---

[3] The Legislature amended section 1172.1 in 2025 by adding subdivision (e) which is not pertinent to the issues on appeal here.

5

recall his or her sentence is not an appealable order. For example, *Hodge* opined, "[A] trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights" and therefore, the defendant's appeal from that refusal must be dismissed. (*Hodge*, 107 Cal.App.5th at pp. 999, 100.) Other courts have followed *Hodge*. (See, e.g., *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 [same "whether couched as a denial, dismissal, or any other statement that the court is not acting"]; see also *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

6